```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )
                               )
     v.                        )     No. 4:11CR481 SNLJ
                               )                  (FRB)
WILLIE BASSETT,                )
                               )
           Defendant.          )
```

**MEMORANDUM,
ORDER, REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Willie Bassett filed several pretrial motions. The motions were heard before the undersigned on March 6, 2012. Following the hearing the undersigned ordered that a written transcript of the proceedings be prepared and filed with the court. The transcript was filed on March 12, 2012. The undersigned has relied upon the written transcript as well as the electronic digital recording made of the proceedings in making findings of fact set out herein.

   1.   <u>Defendant Willie Bassett's Motion To Suppress Statements</u>
        (Docket No. 55)

Testimony and evidence was adduced on the defendant's motion at the hearing before the undersigned on March 6, 2012. From the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law.

Findings of Fact

On November 4, 2011, defendant Willie Bassett was arrested and later charged with conspiracy to commit bank robbery. Following his arrest Bassett was taken to the Offices of the Federal Bureau of Investigation (F.B.I.). Following his arrival at the F.B.I. office Bassett was interviewed by F.B.I. Agent Bryan Yingling. F.B.I. Agent David Ogurek was also present during the interview. The interview took place in a room located within the F.B.I. offices.

At the beginning of the interview Agent Yingling advised Bassett of the Miranda rights by reading them to Bassett from a printed form. Specifically he told Bassett that he had the right to remain silent; that anything he said could be used against him in court; that he had the right to talk to a lawyer before questioning; that he had the right to have a lawyer present during questioning; and that if he could not afford a lawyer, one would be appointed for him before questioning if he wished. He was also told that if he chose to answer questions without a lawyer present, he could stop answering at any time. Bassett signed his initials on the form beside each of these rights as they were read to him. Bassett then signed that portion of the form acknowledging that he had been advised of and understood these rights, and was willing to answer questions without a lawyer present. (See Government's Exhibit W-1).

Bassett then answered questions put to him by the agents. The interview lasted about 1 1/2 hours. Bassett was offered breaks and water during the interview. The agents made no threats or promises to Bassett to induce him to waive any rights or to make any statement. Bassett appeared alert and coherent during the interview. Bassett told the agents that he was not under the influence of any drugs or alcohol, nor did he appear to be. Bassett told the agents that he was 41 years of age and had obtained a GED. He also said that he could read and write.

Toward the end of the interview Bassett signed a written form consenting to a search of a cellular telephone that had been seized from him at the time of his arrest. (<u>See</u> Government's Exhibit W-2).[1]

## Discussion

As grounds to suppress the statements made by him to Agent Yingling on November 4, 2011, the defendant asserts that he was in custody at the time of the interrogation and that he was not advised of his rights as required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); that the defendant did not make a knowing, intelligent and voluntary waiver of his <u>Miranda</u> rights; and that he was "duped" into signing an advice and waiver of rights form.

In <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) the Supreme Court held that before questioning a person in custody law

---

[1] Bassett has not filed a motion seeking to suppress any evidence found in the search of this telephone.

enforcement officials must advise the person that he has the right to remain silent; that any statements he makes may be used against him at trial; that he has the right to have an attorney present during questioning; and that if he cannot afford an attorney one will be appointed for him. Id. at 478-79. The officials may question the person after so advising him if the person voluntarily, knowingly and intelligently waives these rights and agrees to answer questions put to him by the officials. Absent such advice and waiver, statements obtained through interrogation of a person in custody are not admissible against the person at trial. Id. at 479.

The defendant's claim that he was not advised of his rights as required by Miranda is not supported by the evidence adduced at the hearing. All of the statements made by the defendant to law enforcement officials were made after he was advised of his rights as required by Miranda. After being so advised, the defendant stated that he understood his rights and agreed to waive those rights and to answer questions. The defendant signed a written form acknowledging that he had been advised of and understood his rights, and was willing to waive those rights and to answer questions. This is "strong proof of the validity of the waiver." North Carolina v. Butler, 441 U.S. 369, 373 (1979). There is no evidence that either the defendant's waiver of Miranda rights or his subsequent statements were the result of any threats or promises by the agents or that the was in

any way "duped" into waiving those rights or to make any statement. Both the waiver and subsequent statements were voluntary. <u>Colorado v. Connelly</u>, 479 U.S. 157, 168 (1986).

Conclusion

For all of the above reasons the defendant's Motion To Suppress Statements should be denied.

    2.  <u>Defendant's Request (Motion) For Discovery Pursuant To Federal Rule Of Criminal Procedure 12(b)(4)(B)</u> (Docket No. 57)

At the hearing on defendant's motion on March 6, 2012, counsel for defendant Willie Bassett stated that he had received the discovery materials that he sought and that he did not wish to pursue the motion further.

Therefore, the defendant's motion should be denied as moot.

    3.  <u>Defendant's Motion For Disclosure Of 404(b) Evidence</u> (Docket No. 58)

The defendant's motion should be granted. The government shall provide notice to the defendant, at least ten days prior to the trial of the case, if it intends to offer evidence of other crimes, wrongs or acts at trial, pursuant to Rule 404(b), Federal Rules of Evidence, and if it does so intend, the general nature of any such evidence.

    4.  <u>Defendant's Motion To Dismiss Indictment Due To Entrapment</u> (Docket No. 56)

In his motion the defendant claims that Otis McAllister, an inmate serving a federal prison sentence "concocted a plan to

- 5 -

receive a reduction in sentence" and worked with "Government agents to set-up his cousins Ray Bassett and Defendant (Willie Bassett)" in a plan to commit a bank robbery. Defendant claims that he was arrested "before any meaningful steps could be taken toward robbing a bank." In its response to the defendant's motion the government disputes the defendant's claim and denies that it acted in any way in concert with Otis McAllister to involve the defendants in any conspiracy or attempt to rob a bank. Rather, the government asserts that agents of the Federal Bureau of Investigation (F.B.I.) merely became aware of the planned bank robbery through information provided by Otis McAllister and stepped in to arrest the defendants and prevent the robbery before it could occur. At the hearing on the motion neither party chose to present any evidence in support of their respective positions as set out in their written submissions on the issue.

Entrapment is an affirmative defense. In asserting such a defense the defendant has the burden of showing that he was induced to commit the offense through the conduct of government agents. <u>United States v. Young</u>, 613 F.3d 735, 746-47 (8th Cir. 2010). Inducement exists when the government implanted the criminal design in the defendant's mind. <u>Id.</u> at 747 (Internal quotes and citations omitted). Once the defendant meets his burden of showing such government inducement the burden shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the crime. The predisposition

- 6 -

element focuses upon whether the defendant was an unwary innocent or, instead an unwary criminal who readily availed himself of the opportunity to perpetrate the crime.  Id. (Internal quotes and citations omitted).

"E"ntrapment is a question of fact and generally decided by a jury."  Id. at 746; Matthews v. United States, 485 U.S. 58 (1988).  Most courts have avoided deciding entrapment issues on pretrial motions to dismiss.  United States v . Fadel, 844 F.2d 1425, 1430 (10th Cir. 1988).  "The reasons for such a preference are grounded in the fact that the defense of entrapment is intertwined with the issue of intent and is typically based upon credibility determinations, an area traditionally reserved for jury resolution."  Id.  A review of the defendant's motion and the government's response, all that is before the court at this time, readily shows that the case is replete with factual disputes with respect to both the "inducement" and "predisposition" aspect of the entrapment issues, making the issue inappropriate for pretrial resolution.

Likewise, because there are numerous factual disputes as alleged in the defendant's motion and the government's response thereto that it is impossible for the court to conclude at this time that the government's conduct in this case was so outrageous as to merit dismissal of the indictment at this time. See, United States v. Russell, 411 U.S. 423, 431-32 (1973); United States v. Berg, 178 F.3d 976, 979 (8th Cir. 1999).

Therefore, the defendant's motion should be denied.

## Conclusion

For all of the foregoing reasons the defendant's Motion To Dismiss Indictment Due to Entrapment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Request (Motion) For Discovery Pursuant To Federal Rule Of Criminal Procedure 12(b)(4)(B) be (Docket No. 57) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion For Disclosure Of 404(b) Evidence (Docket No. 58) is granted.

**IT IS HEREBY RECOMMENDED** that Defendant Willie Bassett's Motion To Suppress Statements (Docket No. 55) be denied.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion To Dismiss Indictment Due to Entrapment (Docket No. 56) be denied.

The parties are advised that they have until **April 27, 2012,** in which to file written objections to this Report and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of April, 2012.

- 8 -